W. H. HENDLEY AND ANOTHER V. P. BACCUS.

1—A citation in error is fatally defective when it does not require the defendant in error to appear before the Supreme Court at any designated term.

2—When the return of the sheriff on a citation fails to show that a copy of the petition in error was delivered to the defendant in error, the service is fatally defective.

3—These are statutory requirements, with which this court can not dispense, and which are essential to its jurisdiction.

ERROR from Parker.  Tried below before the Hon. A. B. Norton.

The citation in error required the defendant "to be and appear before the honorable the Supreme Court of the State of Texas, at the session thereof to be holden at Austin, in the county of Travis, in said State, then and there to defend said writ of error."

The sheriff certified the delivery of a copy of the citation, but said nothing about a copy of the petition in error.

*A. J. Ball* and *W. M. Walton*, for plaintiffs in error.

No brief for defendant in error.

LINDSAY, J.—There are two defects, made manifest by the record, each of which is fatal, which precludes this court from entertaining jurisdiction of this cause.  The citation does not require the party to appear before the Supreme Court at any designated term; nor, from the return of the sheriff, was any copy of the petition for the writ delivered to the defendant with the citation.  Each of these things is required by the statute, and this court has no right to dispense with these statutory requirements, and assume a jurisdiction which is only thus conferred.  The cause is, therefore, dismissed and stricken from this docket.

Dismissed.